IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:02-cv-413-JLF ) |
| ADRIAN FEINERMAN, | ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge James L. Foreman pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Defendant, Adrian Feinerman, on November 10, 2005 (Doc. 18). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On May 10, 2002, the Plaintiff, Henry Johnson, filed suit in which he claimed that the Defendant, Dr. Adrian Feinerman, was deliberately indifferent to a serious medical need. On October 18, 2001, the Plaintiff alleges that the slipped and fell and severely injured his ankle which broke in three places. The injury was diagnosed and treated by Dr. Miller of St. Mary's Hospital in East St. Louis, Illinois. After the cast was removed, Dr. Miller prescribed a two week course of physical therapy. The Plaintiff claims that, upon his return to prison, Dr. Feinerman took away his crutches and refused to provide the prescribed physical therapy. The Plaintiff states that the Doctor's conduct resulted in an aggravation of his injury and an improper healing of his broken bones.

On August 24, 2005, the Defendant filed a motion to compel the Plaintiff to sign a release and authorization for his medical file. In that motion, the Defendant indicated that he had been seeking the release since December, 2004 and that the Plaintiff had failed to respond to three letters concerning the release and further had failed to sign the consent form. The Defendant noted that the Plaintiff's medical file is relevant to this case because the Plaintiff is complaining of improper medical care. The Defendant further indicated that the Plaintiff had failed to respond to other discovery requests. On September 16, 2005, this Court ordered the Plaintiff to return an executed consent form and to respond to the outstanding discovery requests by October 6, 2005. The Plaintiff was further warned that the failure to respond could result in sanctions, including dismissal of this lawsuit. The Plaintiff has not responded to the Defendant's motion.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37(b)(2) provides for various sanctions if a party fails to respond to discovery or fails to comply with an order of this Court. These sanctions include an order preventing the Plaintiff from introducing certain matters in evidence, striking pleadings, or dismissal of an action. The imposition of sanctions is reviewed for an abuse of discretion. Nisenbaum v. Milwaukee County, 333 F.3d 804, 810-811 (7th Cir. 2003). Generally, dismissal is only warranted if the Plaintiff acted "with wilfulness, bad faith, or fault." Long v. Steepro, 213 F.3d 983, 987 (7th Cir. 2000) (citation and quotation marks omitted). "Fault, in this context, suggests objectively unreasonable behavior; it does not include conduct that we would classify as a mere mistake or slight error in judgment." Id.

Pursuant to Local Rule 7.1(g), this Court has discretion to consider the failure to respond

to the motion to dismiss as an admission of the merits of the Defendant's motion.  As noted above, the Plaintiff's medical records are central to this action for deliberate indifference.  The Defendant has indicated that the Plaintiff has ignored his discovery requests, and, more specifically, the request for a release of the Plaintiff's medical records for a one year period.  The Plaintiff has been given the opportunity to provide the necessary release and discovery, but has failed to do so.  Further, the Plaintiff further has failed to respond to either the motion to compel filed by the Defendant on August 24, 2005 and this motion to dismiss.  Such behavior is unreasonable.  As the Plaintiff filed this lawsuit, he has an obligation to meaningfully participate in discovery.  It is clear that the Plaintiff is capable of filing documents with this Court and he has provided no justification for failing to participate in this lawsuit.  The Plaintiff further has been warned that the failure to comply with an order of this Court could result in dismissal of this lawsuit.

Therefore, this Court finds that the failure to respond to the Defendant's motion to dismiss as an admission of the merits of the motion.  This Court further finds that the Plaintiff has behaved unreasonably in failing to respond to the Defendant's discovery requests.  Further, this Court finds that the Plaintiff, by failing to participate in necessary discovery, has exhibited a failure to prosecute this case.  As such, this Court recommends that this matter be dismissed.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss filed by the Defendant, Adrian Feinerman, on November 10, 2005 be **GRANTED** (Doc. 18), that this matter be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 19, 2005**

<u>s/ Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**
